IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESLEY A. NEWHOUSE,
    Plaintiff,
    v.                        Case No. 3:06-cv-89-KRG-KAP
COMMONWEALTH OF PENNSYLVANIA
and PENNSYLVANIA DEPARTMENT OF
CORRECTIONS,
    Defendants

## Report and Recommendation

### Recommendation

Pending is defendant's unopposed motion for summary judgment, docket no. 28. I recommend that it be granted.

### Report

Plaintiff filed a complaint alleging that defendants are liable to him for the deficient medical care he received after he broke one of his fingers while an inmate in prison. Plaintiff alleges three legal bases for defendants' liability: (1) 42 U.S.C.§ 1983, providing a remedy for violations of the Eighth Amendment, see Estelle v. Gamble, 429 U.S. 97, 105 n.10 (1976); (2) the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., providing remedies for discrimination against persons with disabilities, and (3) Pennsylvania's statutory and common law, providing a remedy for negligence.

Federal courts are barred from exercising jurisdiction over plaintiff's Section 1983 claim and negligence claim against these defendants because of the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651 (1974). Pennsylvania can waive the immunity provided by the Eleventh Amendment, but has not done so

in its Sovereign Immunity Act for plaintiff's claims: while 42 Pa.C.S.§ 8522(b)(2) waives sovereign immunity for the negligent acts of specified health care professionals when they are working at or for a Commonwealth institution, it does not waive sovereign immunity for actions of corporate entities. Moser v. Heistand, 681 A.2d 1322, 1326 (Pa. 1996). In the absence of an allegation, much less evidence, that some specific health care provider working as an agent of the defendants was negligent in providing medical care to plaintiff, defendants retain their sovereign immunity. Cf. Wareham v. Jeffes, 564 A.2d 1314 (Pa.Cmwlth.1989)(affirming respondeat superior verdict against Commonwealth for negligence of prison physician.)

Pennsylvania does not waive its sovereign immunity for claims based on the denial of civil rights. Additionally, Pennsylvania and Pennsylvania Department of Corrections are not persons who can be sued under 42 U.S.C.§ 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

As for the ADA claim, Congress does possess the power under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity for such claims, see Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001), even to the extent of allowing claims for money damages when the conduct alleged by the state violates the Eighth Amendment as well as the ADA, see United States v. Georgia, 546 U.S. 151 (2006), but plaintiff does not

state a claim under the ADA. Plaintiff alleges that he was not provided prompt or adequate medical attention for an injury. The ADA provides a remedy for persons who suffer discrimination in employment, in public programs, and in public accommodations because of a disability. The ADA therefore would provide a remedy to plaintiff if he were a person denied medical care because he had a disability. It does not provide a remedy for a person who becomes disabled because he was not provided adequate medical care, which is plaintiff's claim. See Buchanan v. Maine, 469 F.3d 158, 174-75 (1st Cir.2006)(collecting cases distinguishing between the two types of claims).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: March 7, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record

3